Huang v. Garland

BIA
McCarthy, IJ
A209 830 357

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> PIERRE N. LEVAL,
> BETH ROBINSON,
> *Circuit Judges.*

_____

CAI XIA HUANG,
> *Petitioner,*

v.                                                     **22-6463**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Zhen Liang Li, Esq., Law Office of Zhen Liang Li, New York, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cai Xia Huang, a native and citizen of the People's Republic of China, seeks review of an August 26, 2022, decision of the BIA affirming a June 3, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cai Xia Huang*, No. A 209 830 357 (B.I.A. Aug. 26, 2022), *aff'g* No. A 209 830 357 (Immig. Ct. N.Y. City June 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility

2

determinations, for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Huang was

3

not credible as to her claim that she was arrested and beaten for attending an underground church in China. The agency reasonably relied on inconsistencies and implausibilities related to Huang's prior attempt to travel to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Huang testified that she did not intend to come to the United States prior to her alleged persecution, but after being asked whether she had applied for a visa, she conceded that she applied for a visa in 2015, before she allegedly began attending church and before she was arrested. The agency was not required to accept her explanation that she misspoke because she was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005) (noting that "an alien's mere recitation that he was nervous or felt pressured during an . . . interview will not automatically prevent the IJ or BIA from relying on statements . . . when making adverse credibility determinations").

Moreover, Huang testified that she had intended to travel for a vacation, which the IJ reasonably found implausible because she also testified that her the

4

visa application cost one quarter of her annual income; when asked about the expenditure, she said only that she did not know exactly how much was spent. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (explaining that the agency may not engage in "bald" speculation, but that the agency may rely on implausibility findings based on an "inference . . . made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

As the IJ found, Huang's visa application also conflicted with her testimony, as it reflected that she had travelled to Australia and Singapore and worked as an administrative director at a technology firm, while she testified that she was a salesperson and had not previously traveled outside China. Given her testimony about the visa interview in China and the conflicts between the testimony and her credible fear interview, the IJ reasonably rejected as implausible her explanation that an agency prepared the application with false information without her knowledge.[1]

---

[1] Huang does not challenge the agency's reliance on the credible fear interview, and the agency may rely on interview records, such as the one here, that bear sufficient "hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

The agency also reasonably relied on inconsistent testimony related to Huang's residence in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Huang was unclear about where she had lived in Louisiana: she changed her testimony multiple times when asked for specific addresses or questioned about a car she had registered.

Finally, the IJ's demeanor finding—that Huang appeared surprised when asked about issues not addressed in her statement—is entitled to deference. *See Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question" (quoting *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005))). Moreover, the record supports the demeanor finding given that Huang changed her testimony when confronted with additional information about her residence and past visa application. *Id.* ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Huang does not challenge the individual findings outlined above, except to argue that the agency should have accepted her explanations. Instead, she argues that the agency erred in relying on minor and tangential inconsistencies. That argument is without merit. Huang's history of an attempt to obtain a visa to the United States by fraud shows her willingness to lie and undermines her claim that alleged persecution was the reason she left China. Moreover, "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe*, 480 F.3d at 170. And "[e]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may . . . be deemed consequential by the fact-finder." *Xiu Xia Lin*, 534 F.3d at 167 (quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (specifying that the agency may consider issues that do not go "to the heart of the applicant's claim" in the "totality of circumstances").

In sum, given the inconsistencies, implausible testimony, and the IJ's demeanor findings, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Siewe*, 480 F.3d at 168–69; *Li Hua Lin*, 453 F.3d at 109. The adverse credibility determination is dispositive of

7

asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate.   *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court